# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ESTHER HILL WHITE | CIVIL ACTION NO. 15-2181 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CIGNA GROUP INSURANCE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Plaintiff Esther Hill White's ("White") petition for benefits under two life insurance policies governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

On March 24, 2017, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 44], recommending that the Court dismiss with prejudice White's claim for benefits. On April 5, 2017, White filed an objection to Magistrate Judge Hayes' Report and Recommendation. [Doc. No. 45]. On April 19, 2017, Defendant Life Insurance Company of North America ("LINA") filed a response in opposition to White's objection [Doc. No. 48], and on April 24, 2017, White filed a reply to LINA's response. [Doc. No. 51].

The Report and Recommendation of the Magistrate Judge Hayes having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Hayes. The Court issues this Ruling to address one of White's objections to Magistrate Judge Hayes' Report and Recommendation.

White argues "the report and recommendation erred by misapplying Arkansas law by not requiring that circumstantial evidence of intoxication must exclude every other reasonable hypothesis other than intoxication, or alternatively, erred in finding that the facts of record herein excluded every other reasonable hypothesis." [Doc. No. 45, p. 3]. Magistrate Judge Hayes' Report and Recommendation states that

> . . . it is well-settled under Arkansas law that circumstantial evidence may constitute substantial evidence to support a jury's verdict of guilty in a Driving While Intoxicated case. *Wetherington v. State*, 889 S.W.2d 34 (Ark. 1994); *see Lockhart v. State*, 2017 Ark. 13, 2017 WL 374725, at \*-3-\*4 (discussing circumstantial evidence bearing on the issue of intoxication).

[Doc. No. 44, p. 8].

In White's objection she cites *Wetherington* for the proposition that circumstantial evidence is sufficient for substantial evidence of intoxication only "if circumstantial evidence rules out every other reasonable hypothesis [or theory] but the guilt of the accused." [Doc. No. 45-1, p. 19]; *Wetherington*, 889 S.W.2d at 39. White argues that Magistrate Judge Hayes fails to incorporate this burden in her analysis. *Id.* However, Magistrate Judge Hayes cited *Wetherington* for the general proposition that circumstantial evidence can be used to prove intoxication under Arkansas law. The Court agrees. *Wetherington* involved the criminal prosecution for driving while intoxicated requiring a burden of proof beyond a reasonable doubt. Here, in the civil context, LINA was not required to overcome the higher criminal burden of proof to prove intoxication in interpreting the plan. The Court agrees with Magistrate Judge Hayes that circumstantial evidence may be used to prove intoxication under Arkansas law. [Doc. No. 44, p. 8]; *see Wetherington*, 889 S.W.2d at 39.

For the reasons stated in Magistrate Judge Hayes' Report and Recommendation and for these additional reasons, White's petition for benefits is DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 26th day of April, 2017.

                                                          **ROBERT G. JAMES**
                                                          **UNITED STATES DISTRICT JUDGE**